[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 18, 1994 Date of Application April 14, 1994 Date Application Filed April 15, 1994 Date of Decision February 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Lawrence S. Hopkins, Esq., Defense Counsel, for Petitioner.
Linda Howe, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial to the court, petitioner was convicted of arson in the first degree in violation of General Statutes § 53a-111(a)(1). As a result of such conviction, petitioner received a sentence of eighteen years.
On March 22, 1992, at 3:30 a.m., Bridgeport Fire and Police were dispatched to a structural fire at 373-379 Stillman Street. On arrival, they observed heavy fire and smoke coming from the three story multiple family dwelling and from an adjacent building at 383 Stillman Street. The origin of the fire was determined to be incendiary.
A witness testified that he was in his apartment at 379 Stillman Street on the night of the fire when petitioner entered with a canister of gunpowder and propane torch. The witness stated that petitioner threatened to blow up the house and everyone in it. There was testimony that petitioner lit the torch and put it into the canister igniting gunpowder. Bedding and a rear window curtain were in flames before petitioner left the apartment. The fire then spread throughout the building.
Petitioner's attorney argued for a reduction in sentence. He stated that at the time the fire was started, petitioner was under the influence of cocaine and had no recollection of the crime. The attorney also stated that at the time of the fire petitioner was laboring under the paranoid delusion that his life was in danger. His actions were designed to protect his own life. The attorney also pointed out that no one was injured in the fire. The attorney stated that the sentence appeared to be excessive and requested that it be reduced. Speaking on his own behalf, petitioner also argued that the sentence was severe. Petitioner stated that he did not cause the fire and an eighteen year sentence under such circumstances was excessive.
The state's attorney argued against any reduction. She stated that the building was destroyed by the fire and people were dispossessed. The attorney also pointed out that there was a strong likelihood that people in the building would have been killed or injured if a timely warning had not been issued. She also pointed out petitioner's extensive prior CT Page 2261 criminal record and that the sentence imposed was well under the maximum which could have been imposed.
The sentencing judge who had an opportunity to observe and evaluate petitioner throughout the trial commented on his substance abuse, lack of judgment and stability as well as petitioner's failure to exhibit any feeling of remorse for the damage which he caused. The judge also commented on petitioner's substantial prior criminal record and the fact that some of his offenses involved violence. Before imposing sentence the judge remarked about petitioner's inability to accept responsibility for his actions and his proclivity towards blaming others for his problems and criminal acts. The sentencing judge clearly considered petitioner a danger to the community.
From all of the information before us, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense, the character of the offender and the need to protect the public from such crimes. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.